UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES FREEMAN d/b/a FREEMAN & ASSOCIATES, INC., *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-01764 |
| DEKKER VACUUM TECHNOLOGIES, INC., *Defendant*. | § § § | |

## MEMORANDUM AND ORDER

Before the Court are two discovery motions referred to this magistrate by District Judge David Hittner: (1) Plaintiff's motion to compel production of documents (Dkt. 9), and (2) Plaintiff's motion to compel responses to interrogatories (Dkt. 18). The motions are granted in part and denied in part.

At a hearing held on December 1, 2015, counsel made clear to the Court that this discovery dispute primarily concerns the period of time for which relevant documents are requested. Plaintiff Freeman seeks discovery related to projects and sales completed during both the five-year initial contract period and the three-year extension period. Defendant Dekker seeks to limit discovery to the three-year extension period.

The parties requested rulings on Interrogatories 6, 7, 9, 10, and Requests for Production 6, 7, 9, 12–16, 19, 20, 23, 26, 32.

Many of Dekker's objections to the production requests are based on trade secret and confidentiality grounds. On September 4, 2015, Judge Hittner entered a Confidentiality and Protective Order (Dkt. 7-1) providing the protection requested by Dekker in its discovery responses. With a protective order in place, Dekker's objections on trade secret and confidentiality grounds are moot.

**Interrogatory No. 6:** **Identify each and every project for which Freeman was related or responsible for procuring since April 4, 2007.**

The Court orders Dekker to identify each project that Freeman was responsible for procuring since April 4, 2007. In its objections, Dekker agreed to respond to this interrogatory in the form adopted by the Court.

**Interrogatory No. 7:** **Identify all amounts paid to Freeman since April 4, 2007. Such identification should include the date, amounts, payment method and reason for payment, including but not limited to whether such payment represented a retainer, salary or commission.**

Dekker objects that the requested information is equally available to Freeman and is irrelevant because "there is no allegation that the plaintiff was not paid for commissions during the period of the contract up to April 4, 2012." Dkt. 21-2, at 10. The objections are overruled. Freeman asserted in his petition that Dekker failed to properly pay commissions on projects dating back to at least April 2011, and he also alleges that there may be other projects for which Dekker similarly failed to pay commissions. Dekker presumably kept financial records containing this information that it would have quick and easy access to—Interrogatory No. 7 does not request overly burdensome discovery.

Dekker is ordered to fully provide the information requested in Interrogatory No. 7.

**Interrogatory No. 9:** **Please identify all amounts received by Dekker related to the Projects or Products.**

The Court orders Dekker to identify all amounts received by Dekker for the "Projects" and "Products" as defined in Freeman's First Set of Interrogatories. Though the interrogatory is

duplicative of Interrogatory No. 7, the Court again notes that Dekker, in its responses, agreed to respond to this interrogatory in the form adopted by the Court.

**Interrogatory No. 10:** Identify each and every Power Plant customer with which Dekker has transacted with between April 2007 and April 2015. This request only seeks the identification of Power Plant clients and customers to whom Dekker has actually sold products during this time frame.

Dekker objects that Freeman requests information that is irrelevant. That objection is overruled. Freeman claims that § 6(b) of his contract entitled him to a five percent commission of all condenser exhauster and hogger applications sales, regardless of his actual involvement in the sale, as well as sales of vacuum pumps and other related products in which he was actively involved. A list of customers who purchased the products listed in § 6(b) is relevant to this matter because Freeman could use the list to confirm whether he was properly paid for the products sold.

Dekker is ordered to fully provide the information requested in Interrogatory No. 10.

**Request for Production No. 6:** All documents, including, but not limited to, checks, ledger entries, wire receipts, and bank statements, evidencing, reflecting, referring, or relating to any payments made by Power Plant customers to Dekker since 2007.

The Court finds that *all* documents relating to *any* payments by customers since 2007 extends well beyond any transactions that might entitle Freeman to unpaid commissions. The Court therefore orders Dekker to produce documentation of each payment made by Power Plant customers to Dekker for the purpose of purchasing any Project or Product during the Contract Period as defined by Freeman's First Set of Requests for Production. The Court believes that this

will effectively limit the scope of discoverable documents to those that are relevant to Freeman's claims of unpaid commissions.

**Request for Production No. 7: All documents, including, but not limited to, checks, ledger entries, wire receipts, and bank statements, evidencing, reflecting, referring, or relating to any payments made to Dekker during the Contract Period related to the Products.**

The entirety of this request is subsumed by Request for Production No. 6 as modified by the Court. The Court finds it duplicative and will not order production under this request for that reason.

**Request for Production No. 9: All correspondence and other documents, specifically including emails, reflecting, referring, or relating to communications by and between Dekker representatives or employees related to Freeman's compensation (including retainer, commission and bonus) for the years 2007 through 2015.**

Dekker objects to the term "other documents" as vague and objects that these documents are equally available to Freeman. The Court disagrees and overrules the objections. The term "other documents" plainly refers to items such as internal memoranda, reports, and other non-privileged items, in addition to exchanged letters of communication. The request as written is redundant given the definition of "Documents" provided by Freeman, but its meaning is easily discernible.

Dekker is ordered to produce all documents described in Request for Production No. 9.

**Request for Production Nos. 12–16, 19–20, and 26**

The Court addresses requests 12–16, 19–20, and 26 together, as they are significantly duplicative and, in turn, so are Dekker's objections. Each request describes, in slightly broader or narrower terms, the same thing—documents related to the sales completed during Freeman's

4

employment with Dekker, including internal office communications such as e-mail and non-privileged memoranda and reports. Freeman's counsel made clear at the hearing what all of these requests seek—any evidence that Dekker failed to pay commissions owed on projects or products sold during the contract term.

While most of the documents that Freeman requests are relevant and would not be unduly burdensome to produce, the Court finds that these requests are overly broad. If Freeman were given access to all "Financial Documents" (a broadly defined term in the requests) and the costing sheets that counsel described at the hearing, there would seem to be little benefit to Freeman from the additional cost to Dekker of producing all "Booking Documents," an even more broadly defined term that would encompass documents such as customer correspondence and operational information completely unrelated to whether Freeman is owed commission.

The Court therefore orders Dekker to produce the following: (1) Financial Documents detailing the Projects undertaken and the Products sold during the Contract Period; and (2) the costing sheets related to each Project, which the Court understands to have been partially, but not fully, produced by Dekker. The Court otherwise denies the motion to compel responses to these requests.

**Request for Production No. 23: All correspondence and other documents, specifically including emails, reflecting, referring, or relating to communications by or between Dekker management, representatives or employees regarding Freeman's commissions related to the Products and/or Projects.**

This request is duplicative, as it is entirely subsumed by Request for Production No. 9, to which the Court has already ordered a full response. Therefore, the Court denies the motion to compel a response to this request.

**Request for Production No. 32:** All correspondence and other documents, specifically including emails, reflecting, referring, or relating to Freeman's involvement with the Projects or sales of Products.

The Court orders Dekker to produce all non-privileged documents described by Request for Production No. 32.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Freeman's motions to compel discovery responses. Dekker is ordered to provide the discovery described above by December 18, 2015. The Court declines to award costs or impose sanctions at this time.

Signed at Houston, Texas, on December 4, 2015.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge